1 | Darrell P. White (SBN 270038)
  | Douglas C. Stastny (SBN: 269470)
2 | **KIMURA LONDON & WHITE LLP**
  | 17631 Fitch
3 | Irvine, California 92614
  | dwhite@klw-law.com
4 | dstastny@klw-law.com
5 |
6 | Attorneys for Plaintiff JESSICA PINCZEWSKI
  | on behalf of herself and all others similarly situated
7 |
8 |
9 |
10 |                    UNITED STATES DISTRICT COURT
11 |                   SOUTHERN DISTRICT OF CALIFORNIA
12 |

JESSICA PINCZEWSKI, individually and on behalf of all others similarly situated,

      Plaintiff,

vs.

APPLE INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virginia limited corporation; and Does 1 through 10, inclusive,

      Defendants.

Case No. **'25CV2362 TWR MMP**

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff Jessica Pinczewski brings this action on behalf of herself and all others similarly situated against Defendants Apple, Inc., Apple Value Services, LLC, and Does 1 to 10, inclusive (collective referred to herein as "Apple" or "Defendants").

**SUMMARY OF THE CLAIMS**

1. For years, Apple has manufactured, marketed, distributed, and sold unsecured Apple Gift Cards.[1] Apple uniformly represented to unsuspecting purchasers that, in exchange for their money, Apple would provide them with a secure gift card, the balance of which could be conveniently redeemed for Apple products and services. In reality, the Apple Gift Cards were not secure.

2. Throughout the Class Period defined herein, Defendants knew, or should have known, the Apple Gift Cards were not secure but instead susceptible to being accessed by unauthorized third parties who, after obtaining the "secret" Personal Identification Number ("PIN") for an Apple Gift Card, could drain the balance placed on the card after it was activated but before an authorized user could use the card. Unauthorized third parties have implemented this scheme across the nation, fraudulently draining millions of dollars from Apple Gift Cards.

3. Instead of implementing simple and commonsense security measures to prevent the known, widespread fraudulent scheme and/or warn customers that the balance on the Apple Gift Cards they purchased could be easily accessed and used by fraudsters, Defendants exacerbated the fraudulent scheme and protected the fraudsters, empowering them to continue in the scheme.

4. To this end, Defendants remained silent and refused to warn Plaintiff and others similarly situated of the scheme or that the Apple Gift Cards were not secure; Defendants refused to refund purchasers that complained when their cards were

---

[1] In 2020, Apple launched a new simplified version of its gift card system in the U.S. with a single product: the Apple Gift Card. In 2023, Apple discontinued selling its version of gift cards labeled as iTunes gift card.

2

drained by fraudsters; Defendants refused to provide information to victims that would assist law enforcement in identifying and/or apprehending the fraudsters; and Defendants failed and refused to implement reasonable security procedures and practices that would protect their personal information associated with the Apple Gift Cards.

5. Defendants' actions and omissions caused Plaintiff and other similarly situated consumers to purchase Apple Gift Cards, which were not secure and did not perform as represented. Plaintiff and the putative class have been damaged in the amount they paid for the useless gift cards, plus interest.

6. Plaintiff brings this action on behalf of herself and all other similarly situated consumers to prevent Defendants' further dissemination of unsecure Apple Gift Cards, provide truthful disclosures advising consumers of the vulnerabilities of the Apple Gift Cards, and to obtain redress for those who have purchased useless Apple Gift Cards.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1332(d)(2), which grants the District Court original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action with minimal diversity. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, they are either citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9. On information and belief, Defendants distribute, market and sell their products in San Diego County and throughout California, and each defendant is within

the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

10.  Venue as to each defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391 because Defendants are business entities that (i) are subject to personal jurisdiction in this District, do substantial business in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

## PARTIES

11.  Plaintiff Jessica Pinczewski is and was at all relevant times during the Class Period defined herein, an individual residing in San Diego County, California. On June 7, 2023, Plaintiff purchased two $50 Apple Gift Cards from Target in Poway, California, as graduation gifts for her best friend's sons. The gift cards were solely in her possession until she gave them to the intended recipients. When the recent graduates attempted to use the gift cards, they received a message indicating that the gift cards had already been redeemed and contained no value. Plaintiff's spouse contacted Apple on or about August 30, 2023 to obtain a refund for the gift cards. Plaintiff's spouse again contacted Apple on September 10, 2023, and September 13, 2023, to obtain an update on the status of a refund. Apple never responded to any of the inquiries and did not refund Plaintiff. Had Plaintiff known the truth about Defendants' defective gift cards, she would not have purchased them. As a result of her purchase, Plaintiff suffered injury in fact and lost money.

12.  Defendant Apple, Inc. is a multinational technology company headquartered in Cupertino, California, that designs, develops, and sells consumer electronics, computer software, and online services.

13.  Defendant Apple Value Services, LLC is a subsidiary of Apple, Inc. with its headquarters also in Cupertino, California, and is responsible for "issuing and managing" Apple gift cards in the United States.

14. Defendants manufacture, market, sell and/or distribute gift cards to thousands of consumers across the country and in the State of California.

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known. Throughout this complaint, the term "Defendants" shall include defendants Does 1 to 10, inclusive.

## FACTUAL ALLEGATIONS

16. During the Class period, Defendants manufactured, marketed, sold and/or distributed Apple Gift Cards nationwide, including in California, in a uniform manner.

17. Defendants sold Apple Gift Cards online and through their authorized retailers online and in brick-and-mortar stores.

18. Each Apple Gift Card is associated with a unique Personal Identification Number ("PIN") enclosed in the card's packaging. When a consumer purchases a new Apple Gift Card, the PIN is activated and the balance of the card is then available to purchase Apple products and services.

19. The Apple Gift Cards were defectively designed, manufactured and/or packaged in that Defendants failed to take measures necessary to protect the unique PINs associated with the cards. Additionally, Defendants failed to implement reasonable security procedures and/or practices to prevent access to the unique PINs by unauthorized third parties.

5

20. Due to Defendants' negligence in designing, manufacturing and/or packaging of the Apple Gift Cards and/or due to Defendants' failure to implement appropriate security measures to protect the unique PIN for Apple Gift Cards, unauthorized third parties easily accessed PIN information for the cards. After purchase and activation of a compromised card by an unsuspecting consumer, the fraudsters would redeem the balance of the card using the unique PIN.

21. Subsequently, when a purchaser attempted to use the newly purchased/activated Apple Gift Card, they would receive notice that card was "redeemed" and therefore valueless.

22. Unbeknownst to Plaintiff, the Apple Gift Cards she purchased were subject to fraudulent conduct prior to or at the point of sale. Upon information and belief, after Plaintiff's gift cards were activated, third parties intercepted the activated funds leaving Plaintiff with a valueless card. Consequently, when Plaintiff's gift recipients went to redeem the funds, they received a message that the funds had already been redeemed.

23. When Plaintiff's spouse called Apple to complain, Apple informed Plaintiff's spouse that the gift card was already redeemed, and the card no longer had any value. Apple shifted blame to the point of sale and never offered to refund the gift cards. For security reasons, Defendants would not provide Plaintiff's spouse with any additional information about who redeemed the code. Plaintiff's spouse was then told there was nothing else Apple could do, that the case was closed, and any further contact would go unanswered.

24. Upon information and belief, Apple maintains records indicating when the Apple Gift Cards are activated, when they are redeemed, and how and where they are redeemed.

25. Upon information and belief, Defendants maintain exclusive knowledge of material facts regarding the Apple Gifts Cards not known to Plaintiff and Class

Members – i.e. that the Apple Gift Cards they sell to consumers are defective, unsecure and easily subject to known fraud – yet Defendants actively concealed and/or suppressed those material facts from Plaintiff and Class Members. As such, Defendants had a duty to disclose to Plaintiff and Class Members that the Apple gift cards were defective in design, manufacture and/or packaging, and Apple failed to implement and maintain reasonable security procedures and practices to properly secure the Apple gift cards.

26. Upon information and belief, Defendants have received thousands of complaints from consumers who fell victim to the fraudulent scheme whose Apple Gift Cards were rendered valueless. Such complaints were sufficient to put Defendants on notice that the Apple Gift Cards were not secure upon purchase and therefore the balance was not guaranteed for use by the purchaser.

27. Despite their superior knowledge, Defendants failed to take adequate and reasonable measures to ensure that third parties did not tamper with Apple Gift Cards. To date, Defendants continue to sell Apple Gift Cards with the same security deficiencies that have plagued the cards for years. As a result, the PINs associated with Apple Gift Cards continue to be easily accessible to fraudsters for the purpose of draining the balance on activated cards.

28. Defendants failed to disclose to Plaintiff and Class Members that they could not guarantee the security of the cards, the balance on the cards, and/or the accounts associated with the cards.

29. Although Defendants were well aware of the fraudulent scheme perpetrated on the Apple Gift Cards, Defendants did their best to keep this information from the public, refused to cooperate with law enforcement to apprehend fraudsters and put a stop to the scheme, and failed to implement security measures necessary to guarantee the cards would perform as represented.

30. Plaintiff and Class Members had a reasonable expectation, based on

Defendant's representations and omissions of fact, that the Apple Gift Cards they purchased could be used to purchase Apple goods and services and were secure from use by unauthorized third parties.

31. As a direct and proximate result of Defendants' actions and omissions, Plaintiff and the Class suffered damages in the amount of money loaded onto Apple Gift Cards.

32. Plaintiff and Class Members would not have purchased the Apple Gift cards had Defendants appropriately disclosed to Plaintiff and the Class that the Apple Gift Cards were not secure, that fraudsters were perpetrating a scheme across the nation to access and redeem gift card balances, and that they could not guarantee that Apple Gift Cards would perform as represented.

33. Defendants have reaped enormous profits from their unlawful, unfair and deceptive business practices and refused to refund the balance of illegally drained gift cards.

## CLASS DEFINITION AND ALLEGATIONS

34. Pursuant to California Code of Civil Procedure § 382 and Rule 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and on behalf of all members of the following class and subclass of similarly situated individuals:

<u>Nationwide Class:</u>

All consumers who purchased an Apple Gift Card in the United States from January 1, 2020 to present, whose Apple Gift Card was subject to a redemption attempt prior to activation, whose gift card was redeemed by an unauthorized third party prior to attempted redemption by the consumer or intended user, and who did not receive a refund or replacement gift card from Defendants or any third party.

<u>California Subclass:</u>

All consumers who purchased an Apple Gift Card in the State of California from January 1, 2020 to present, whose gift card was subject to a redemption attempt prior to activation, whose gift card was redeemed by an unauthorized third party prior to attempted redemption by the consumer or intended user, and who did not receive a refund or replacement gift card from Defendants or any third party.

35. <u>Numerosity.</u> On information and belief, the Nationwide Class and California Subclass (collectively, the "Class" or "Class Members") are each so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of Apple Gift Cards who have been damaged by Defendants' conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff but estimated to be in the thousands.

36. <u>Existence and Predominance of Common Questions of Law and Fact.</u> This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendants knew, or should have known, that the Apple Gift Cards were defective, unsecure and easily susceptible to fraud and/or theft;

   b. Whether Defendants had a duty to disclose to Plaintiff and Class Members that it could not guarantee the funds on Apple Gift Cards would be available for use by the customer;

   c. Whether Defendants had a duty to disclose to Plaintiff and Class Members the probability and/or possibility of an ongoing fraud with the Apple Gift Cards, making it likely that the funds on Apple Gift Cards could be easily accessed and stolen by third parties;

   d. Whether Defendants owed a duty to Plaintiff and the Class Members to

9

provide security measures to ensure that its systems and networks, and the personnel responsible for them, adequately protected the personal information of consumers;

e. Whether the PIN on the Apple Gift Cards constitutes personal information;

f. Whether Defendants had a duty to disclose to Plaintiff and Class Members that Apple did not secure the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with;

g. Whether Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards;

h. Whether Defendants had a duty to disclose to Plaintiff and Class Members that its Apple Gift Card policies and security practices were inadequate to safeguard customers' gift card accounts and personal identifying information against theft;

i. Whether Defendants' alleged conduct violates public policy;

j. Whether the alleged conduct constitutes violations of the laws asserted;

k. Whether Defendants engaged in unlawful, unfair or fraudulent business practices;

l. Whether Plaintiff and Class Members have sustained monetary loss and the proper measure of that loss; and

m. Whether Plaintiff and Class Members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

37. <u>Typicality.</u> Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class Members were injured through the uniform misconduct described above and were subject to Defendants' deceptive claims that accompanied each and every gift card that Defendants sold. Plaintiff is advancing the

10

same claims and legal theories on behalf of herself and all members of the Class.

38. <u>Adequacy of Representation.</u> Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

39. <u>Superiority.</u> A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

40. The Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

41. To the extent adequate legal remedies are lacking, Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described and requiring Defendants to provide full restitution to

Plaintiff and Class Members.

42. Unless a Class is certified, Defendants will retain monies received as a result of its conduct that were taken from Plaintiff and Class Members. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I

## Violations of the Consumer Legal Remedies Act

## California Civil Code §1750 *et seq.*

43. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

44. Plaintiff brings this claim individually and on behalf of the Class.

45. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA"). Plaintiff is a "consumer" as defined by California Civil Code § 1761(d). Defendants' Apple Gift Cards are "goods" within the meaning of the CLRA.

46. Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Apple Gift Cards:

> (5) Representing that [the gift cards have] . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .
>
> * * *
>
> (7) Representing that [the gift cards are] of a particular standard, quality or grade . . . if [they are] of another.
>
> * * *
>
> (9) Advertising goods . . . with intent not to sell them as advertised.
>
> * * *

(16) Representing that [the gift cards have] been supplied in accordance with a previous representation when [they have] not.

47. Defendants violated the CLRA by representing and failing to disclose material facts about the gift cards, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

48. In the event adequate legal remedies are lacking, and pursuant to § 1782(d) of the CLRA, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

49. Pursuant to § 1782 of the CLRA, Plaintiff notified Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. A copy of the letter is attached hereto as **Exhibit A**.

50. Defendants have failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act. Accordingly, Plaintiff seeks actual, punitive and statutory damages, as appropriate, under § 1780 of the Act.

51. Defendants' conduct is fraudulent, wanton and malicious.

52. Pursuant to § 1780(d) of the CLRA, attached hereto as **Exhibit B**, and filed concurrently herewith, is the declaration showing that this action has been commenced in the proper forum.

## COUNT II

### Violation of the Unfair Competition Law ("UCL")

### Business & Professions Code § 17200, *et seq*.

53. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

13

54. Plaintiff brings this claim individually and on behalf of the Class.

55. Business & Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendants have violated Business & Professions Code § 17200.

56. In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the misrepresentations, as set forth more fully herein. Defendants have violated California Civil Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16); California Business & Professions Code §§ 17200 *et seq.*; and the common law, including negligent misrepresentation and breach of implied warranty of merchantability. Defendants' above-described wrongful acts and practices constitute actual and constructive fraud within the meaning of Civil Code §§ 1572 and 1573, as well as deceit, which is prohibited under Civil Code §§ 1709 and 1711.

57. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

58. Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engaged in unfair business practices, misrepresented and omitted material facts regarding the Apple Gift Cards, and thereby offended an established public policy, and engaged in unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

59. As stated in this complaint, Plaintiff alleges violations of consumer protection and unfair competition laws in California, resulting in harm to consumers throughout the United States. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the

unfair prong of Business & Professions Code § 17200, *et seq*.

60. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

61. Business & Professions Code § 17200 *et seq*., also prohibits any "fraudulent business act or practice."

62. Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200 *et seq*.

63. Defendants' advertising, labeling and packaging as described herein also constitutes unfair, deceptive, untrue and misleading advertising.

64. Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff and Class Members have suffered injury in fact and have lost money as a result of Defendants' unfair conduct.

65. As a result of its deception, Defendants have been able to reap unjust revenue and profit.

66. Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

67. In the event adequate legal remedies are lacking, Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17200.

## COUNT III

### Negligent Misrepresentation

68. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

69. Plaintiff brings this claim individually and on behalf of the Class.

70. In the course of its business, Defendants misrepresented to Plaintiff and Class Members that Defendants were selling Apple Gift Cards that were original, usable, secure, valuable, and free from fraud, tampering or compromise.

71. Defendants had no reasonable grounds to believe these misrepresentations were true.

72. Defendants failed to inform or disclose to the public, including Plaintiff and Class Members, that Defendants were aware of an ongoing fraud with the Apple Gift Cards, making it probable that the value of Apple gift cards could be accessed and stolen by third parties. Defendants also failed to disclose that Defendants policy and practice was to not refund or replace the value of the Apple Gift Cards subjected to this fraud.

73. Defendants also failed to disclose to the public, including Plaintiff and Class Members, that Defendants did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

74. Defendants also failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple Gift Card policies and security practices are inadequate to safeguard customers' Apple Gift Card accounts and personal identifying information against theft.

75. Defendants intended to induce Plaintiff and Class Members to rely on its misrepresentations and omissions because they knew Plaintiff and Class Members would not have purchased the Apple Gift Cards had they known the Apple Gift Cards, as well as their personal information attached to the gift cards, was subject to an ongoing fraud.

76. Defendants made these representations and omissions as to Plaintiff and the Class Members in connection with their purchase of the Apple Gift Cards.

77. Defendants' representations and omissions were material to Plaintiff's and

Class Members' decision to purchase the Apple Gift Cards.

78. Plaintiff and Class Members justifiably relied on Defendants' misrepresentations and omissions about the Apple Gift Cards because Defendants had superior knowledge about the ongoing Apple Gift Card fraud.

79. As a direct and proximate cause of Plaintiff and Class Members' reliance on Defendants' misrepresentations and omissions about the Apple Gift Cards, Plaintiff and Class Members suffered pecuniary loss in an amount determined to be fair and reasonable, but which is equivalent to the funds loaded onto the Apple Gift Cards that was lost.

## COUNT IV

### Breach of Implied Warranty of Merchantability

80. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

81. Plaintiff brings this claim individually and on behalf of the Class.

82. A warranty that the Apple Gift Cards were in merchantable quality and condition is implied by law pursuant to California Commercial Code § 2314.

83. Defendants impliedly warranted that the Apple Gift Cards were of good and merchantable condition and quality – fit for sale for their ordinary intended use.

84. The Apple Gift Cards were not merchantable or fit for their ordinary intended purpose at the time they left Defendants' possession. Defendants knew the Apple Gift Cards were frequently subject to an ongoing scam, yet Defendants failed to take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the funds they activated on the Apple Gift Cards may be stolen upon purchase. Instead, Defendants perpetuated the fraudulent conduct by staying silent and refusing to refund consumers that complained when they discovered their gift cards were defective and had no value. Thus, the Apple gift cards, when sold and at all times thereafter, were not in merchantable condition or quality and are not fit for their

ordinary intended purpose.

85. By virtue of the conduct described herein and throughout this Complaint, Defendants breached the implied warranty of merchantability.

86. Plaintiff and Class Members purchased the Apple Gift Cards from Apple gift card retailers that are agents of Defendants. However, the retailers were not intended to be the ultimate consumers of the Apple Gift Cards and have no implied warranty rights. Instead, Plaintiff and Class Members were the intended ultimate consumers of the Apple Gift Cards. As such, Plaintiff and Class Members assert their implied warranty rights as third party beneficiaries.

87. Plaintiff and Class Members have been damaged as a direct and proximate result of Defendants' breach of the implied warranty.

88. Plaintiff and Class Members have performed each and every duty required of them under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendants or by operation of law in light of Defendants' unconscionable conduct.

89. Defendants received timely notice regarding the problems at issue in this litigation and, not withstanding such notice, Defendants have failed and refused to offer an effective remedy.

90. As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and Class Members were caused to suffer economic damage.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other members of the Class, request award and relief as follows:

1. Certifying the Class and California Subclass as requested herein;
2. Awarding Plaintiff and the proposed Class Members damages;
3. In the event adequate legal remedies are lacking, awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class

18

Members;

4. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein and directing Defendants to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

5. Ordering Defendants to engage in a corrective advertising campaign;

6. Awarding attorneys' fees and costs; and

7. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: September 11, 2025        KIMURA LONDON & WHITE LLP

By: _____
DARRELL P. WHITE
DOUGLAS C. STASTNY
Attorneys for Plaintiff JESSICA PINCZEWSKI on behalf of herself and all others similarly situated